USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/06/2013

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                                        :
CURTIS MITCHELL, et al.,                                :
                                                        :
                              Plaintiffs,               :    12 Civ. 5933 (KPF)
                    v.                                  :
                                                        :    OPINION AND ORDER
CITY OF NEW YORK, et al.,                               :
                                                        :
                              Defendants.               :
                                                        :
------------------------------------------------------- X
```

KATHERINE POLK FAILLA, District Judge:

On August 2, 2012, Plaintiffs initiated the instant action under 42 U.S.C. § 1983 and New York State law, alleging claims of assault, false imprisonment, false arrest, and malicious prosecution. For the reasons discussed throughout this Opinion, the Court *sua sponte* transfers this case to the United States District Court for the Eastern District of New York.

## BACKGROUND

### A. Factual Background

The Complaint ("Compl.") alleges that Plaintiffs were residing at an apartment in Brooklyn, New York, on May 5, 2011, when members of the New York City Police Department (the "NYPD") forcibly and without permission entered the premises at 6:25 a.m. (Compl. ¶¶ 17, 18, 19).[1] Plaintiffs allege that various police officers, including Defendant Officer Lambert and Defendant

---

[1] The City is a municipal corporation organized under the laws of the State of New York, and operates the NYPD in all five boroughs of the City, two of which fall within the Southern District of New York and three of which fall within the Eastern District of New York. Brooklyn is in the Eastern District of New York.

Officers Jane and John Doe, handcuffed, threatened, and verbally assaulted Plaintiffs, and searched for contraband in the apartment but could not find any. (Compl. ¶¶ 21-35). Plaintiffs allege that the responding officers destroyed personal effects, inflicted emotional and psychological harm, and caused significant damage to the apartment. (Compl. ¶¶ 45-91).

Plaintiff Curtis Mitchell was arrested and subsequently transported to the 79th Precinct in Brooklyn, where he was charged with possession of heroin. (Compl. ¶¶ 36-39). Mitchell alleges that he was innocent of the crime charged against him and there was no basis upon which to arrest him. (Compl. ¶¶ 39-41). The grand jury declined to indict Mitchell, and the case against him was dismissed. (Compl. ¶ 43).

### B.   The Instant Action

Plaintiffs initiated this action in the Southern District of New York on August 2, 2012. (Dkt. #1). Defendants filed an answer on April 29, 2013, raising as an affirmative defense that "[t]he Southern District of New York is an improper venue for this action because all the acts or omissions alleged occurred in Kings County." (Dkt. #10 at 11).

On June 28, 2013, this case was reassigned to the undersigned (Dkt. #11). In a status letter dated September 5, 2013, Defendants wrote that while they did not contest venue, they questioned whether it was proper, writing "[h]ere, all of the acts performed by the individually-named defendants occurred in either Kings or Queens County. In addition, all of the events or omissions giving rise to plaintiff's claims occurred in Kings or Queens County.

The proper venue for this matter is therefore the Eastern District of New York." (Dkt. #13).

At the initial pretrial conference held on September 20, 2013, the Court raised the issue of venue. Plaintiffs' counsel explained that he elected to bring this case in the Southern District of New York "out of convenience to me," and because the NYPD is headquartered in Manhattan, which is in the Southern District of New York. (Sept. 20 Tr. 3). The Court questioned whether venue was proper, given that all relevant events occurred in the Eastern District of New York, and notified the parties of the Court's inclination to transfer the case to the Eastern District. (Sept. 20 Tr. 3-7). However, upon learning that the parties were near settlement, the Court allowed the parties two weeks to settle the case. (Sept. 20 Tr. 5-7). On October 4, 2013, the parties notified the Court that they were unable to reach a settlement in the case. (Dkt. #14).

## DISCUSSION

**A.    Applicable Law**

Courts have discretion to transfer a case *sua sponte* under 28 U.S.C. § 1404. *See Barnet* v. *Elan Corp.*, 236 F.R.D. 158, 164 (S.D.N.Y. 2005) ("Although a transfer pursuant to § 1404(a) is typically premised on the motion of a party, the statute is broad enough that a court can transfer a case on its own initiative." (citing *Lead Industries Ass'n, Inc.* v. *Occupational Safety and Health Admin.*, 610 F.2d 70, 79 n.17 (2d Cir. 1979))). Ordinarily, "[a] court may *sua sponte* transfer an action under 28 U.S.C. § 1404(a)" only "after giving both parties notice and an opportunity to be heard." *Bona* v. *Barasch*, No. 01

Civ. 2289 (MBM), 2003 WL 1395932, at *36 (S.D.N.Y. Mar. 20, 2003), *reconsidered on other grounds sub nom. Martinez* v. *Barasch*, No. 01 Civ. 2289 (MBM), 2004 WL 1555191 (S.D.N.Y. July 12, 2004).  Here, it is proper to consider a *sua sponte* transfer because the Court gave the parties notice of its intention to transfer venue at the September 20, 2013 conference, and permitted each party to be heard on the topic.  (*See generally* Sept. 20 Tr.).

In determining whether transfer to another district is appropriate, courts generally consider the following non-exhaustive list of factors, including:

> (1) the convenience of witnesses, (2) the convenience of the parties, (3) the locus of operative facts, (4) the availability of process to compel the attendance of unwilling witnesses, (5) the location of relevant documents and the relative ease of access to sources of proof, (6) the relative means of the parties, (7) the forum's familiarity with the governing law, (8) the weight accorded the plaintiff's choice of forum, and (9) trial efficiency and the interest of justice, based on the totality of the circumstances.

*Dealtime.com Ltd.* v. *McNulty*, 123 F. Supp. 2d 750, 755 (S.D.N.Y. 2000).  At the same time, "[t]here is no rigid formula for balancing these factors and no single one of them is determinative."  *Larew* v. *Larew*, No. 11 Civ. 5771 (BSJ) (GWG), 2012 WL 87616, at *3 (S.D.N.Y. Jan. 10, 2012) (citing *Citigroup Inc.* v. *City Holding Co.*, 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000) (internal quotation marks and citations omitted)).  The location of counsel is not ordinarily entitled to any weight in this analysis.  *See, e.g., Frobes* v. *Stryker Corp.*, No. 08 Civ. 1897 (NG) (MDG), 2009 WL 3387037, at *2 (E.D.N.Y. Aug. 5, 2009) (holding that the location of counsel is "entitled to little, if any, weight"); *Azari* v. *B & H Photo Video*, No. 06 Civ. 7825 (DLC), 2007 WL 13101, at *3 (S.D.N.Y. Jan. 3, 2007)

(stating that "the location of counsel, however, is not a consideration in a motion to transfer venue.").

**B.     Application**

The first issue to address is the weight to be accorded Plaintiffs' choice of forum. As a general matter, "a plaintiff's choice of forum should not be disturbed unless the balance of the factors tips heavily in favor of a transfer." *Rush* v. *Fischer*, No. 09 Civ. 9918 (JGK), 2013 WL 542641, at *10 (S.D.N.Y. Feb. 14, 2013) (citing *Jasol Carpet, Inc.,* v. *Patcraft Comm. Carpet, Inc.*, No. 96 Civ. 3064 (JGK), 1997 WL 97831, at *3 (S.D.N.Y. Mar. 6, 1997)); *see also Lykes Bros. Steamship Co.* v. *Sugarman*, 272 F.2d 679, 681 (2d Cir. 1959) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." (internal quotation marks omitted)). "The plaintiff's choice is entitled to less deference, however, where the forum is not the plaintiff's home and the cause of action did not arise in the forum." *Legrand* v. *City of New York*, No. 09 Civ. 9670 (DLC), 2010 WL 742584, at *2 (S.D.N.Y. Mar. 3, 2010) (collecting cases); *see also Dunston* v. *New York City Police Dep't*, No. 10 Civ. 8117 (RJS), 2010 WL 5065903, at *3 (S.D.N.Y. Dec. 7, 2010) (same). Overall, "[d]istrict courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co., Inc.* v. *Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) (citing *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992)).

Plaintiffs reside in Brooklyn, New York. The events giving rise to this action occurred in Brooklyn, New York. There has been no indication that the Individual Defendant police officers, to the extent they have been identified, were and are assigned to precincts other than in Brooklyn, New York.[2] In fact, Plaintiffs' only proffered reasons for bringing the case in this District were for the convenience of counsel — which has little to no weight in this analysis — and the location of the NYPD's headquarters. Thus, because Plaintiffs reside in Brooklyn and all events giving rise to this action occurred in Brooklyn, Plaintiffs' choice of venue is afforded less deference. *See Legrand*, 2010 WL 742584, at *2-3 (granting motion to transfer venue "because the defendant police officers were and are assigned to a precinct in Brooklyn, the plaintiff is a resident of Brooklyn, and all the events giving rise to the plaintiff's claims occurred in Brooklyn"; noting that "[b]ecause the plaintiff resides in the Eastern District of New York and the events occurred there, the plaintiff's choice is entitled to less deference than it would otherwise receive"); *Dunston*, 2010 WL 5065903, at *3 (transferring venue to the Eastern District of New York where "it is undisputed that all of the relevant events alleged in the Complaint occurred in the Eastern District of New York" and the individual officer defendants were assigned to precincts in the Eastern District of New York).

---

[2]   "In a suit against public officials, residence for the purpose of venue is where the officials perform their duties." *Legrand*, 2010 WL 742584, at *4 n.1 (citing *Cain* v. *New York State Bd. of Elections*, 630 F. Supp. 221, 225 (E.D.N.Y. 1986)).

Given the proximity of the Southern District of New York and the Eastern District of New York, the remaining factors weigh in favor of transferring venue, including for example, because: (i) the Eastern District will likely be *more* convenient for the witnesses and (ii) the parties; (iii) the operative facts occurred in the Eastern District; and (iv) the documents can be obtained in both Districts. The forum's familiarity with the governing law is well-established, as is the availability of process. The Court finds that based upon the totality of the circumstances, it is in the interests of justice to transfer the case to the Eastern District of New York.

## CONCLUSION

This case is hereby transferred to the Eastern District of New York.

SO ORDERED.

Dated: November 6, 2013
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge